IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAOLA CANAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-193-D |
| | ) | |
| CLUB EDEN OKC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFAULT JUDGMENT

On January 29, 2024, Plaintiff's Motion for Default Judgment [Doc. No. 14] came before the Court for a hearing regarding the entry of a default judgment against Defendant Club Eden OKC under Fed. R. Civ. P. 55(b). Plaintiff Paola Canas appeared through one of her attorneys, Joshua D. Wells, and presented evidence and testimony of an expert witness, Stephen Chamberlin, regarding her requests for an award of damages and injunctive relief. Upon consideration of Plaintiff's presentation at the hearing and the case record, the Court finds as follows:

1. Plaintiff filed her Complaint [Doc. No. 1] under the Lanham Act, 15 U.S.C. § 1125(a), on February 28, 2023. Defendant was timely served with process through its registered agent [Doc. No. 9].

2. Defendant has failed to answer or otherwise defend this action, and the Clerk entered Defendant's default [Doc. No. 12] under Fed. R. Civ. P. 55(a) on June 13, 2023.

3. Although not required by Rule 55(b)(2), the Court also directed Plaintiff to give Defendant notice of her Motion and the Order Setting Hearing [Doc. No. 15].

Defendant was timely served with these additional materials.  *See* Proof of Service [Doc. No. 18].  Defendant did not appear at the hearing.

4.  By failing to answer, Defendant has admitted all well-pleaded factual allegations of the Complaint.[1]  These facts establish that Defendant engaged in the unauthorized commercial use of Plaintiff's image in internet-based advertisements published on Defendant's social media account (specifically, Facebook) in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B).  The admitted facts also establish that Defendant violated Oklahoma statutory and common laws regarding rights of privacy and publicity that authorize the recovery of damages.  *See* Compl. ¶¶ 71-106.

5.  Plaintiff is a well-known professional model who has appeared in numerous international publications and productions and has over one million followers on social media.  Defendant promotes its business as a private, members-only "swingers club." *Id*. ¶¶ 6-7.

6.  Defendant's unauthorized use of Plaintiff's image for its commercial activities and benefit in violation of the Lanham Act and state law – as shown by the Complaint and the evidentiary materials submitted in support of the Motion – was the direct cause of injury to Plaintiff and resulting damages.  These damages include a loss of compensation to which Plaintiff would have been entitled for an authorized use of her image for advertising purposes, a loss of Plaintiff's right to control the commercial use of her image, and a detriment to Plaintiff's professional reputation and brand.

---

[1] *See Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); Fed. R. Civ. P. 8(b)(6).

7. Mr. Chamberlin is well-qualified as an expert in the model and talent industry by virtue of his education, training, specialized knowledge, and professional experience to provide opinions regarding Plaintiff's economic damages. Mr. Chamberlin prepared a written report [Doc. No. 14-3] and testified at the hearing that Plaintiff's damages based on compensation for the actual fair market value of Defendant's use of her image for one year, totals $45,000. The factual and technical basis of Mr. Chamberlin's calculation is thoroughly explained in his report and credible hearing testimony. Mr. Chamberlin's opinions regarding Plaintiff's damages are helpful, based on sufficient facts, supported by reliable industry principles and methods, and reflect a reliable application of those principles and methods to the facts of this case.

8. An award of actual damages to Plaintiff in the amount of $45,000 constitutes fair compensation for the injuries she sustained as a direct result of Defendant's unlawful conduct.

9. For the reasons stated above, Plaintiff is entitled to a permanent injunction under the Lanham Act, 15 U.S.C. § 1116(a), directing Defendant to remove all uses of Plaintiff's image from its Facebook account and other social media accounts, and prohibiting Defendant, its officers, agents, and employees, from further use of Plaintiff's image in social media posts and commercial activities, including advertising, marketing, and promotional materials.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [Doc. No. 14] is **GRANTED**. A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 30th day of January 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge